UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIDNEY KEYS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-cv-00870-JSD |
| ) | |
| BANK OF AMERICA FINANCIAL ) | |
| HOLDINGS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Self-represented and frequent-filer Sidney Keys, Sr. brings this civil action for alleged violations of his civil rights. The matter is now before the Court upon the Plaintiff's application to proceed without prepayment of the required filing fees and costs. (ECF No. 3). Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). As such, Plaintiff's motion for appointment of counsel will be denied as moot.

**Plaintiff's Background and Pleadings**

As documented in this Court's records, Plaintiff Sidney Keys has a long history of filing frivolous or meritless lawsuits in this Court. He filed cases as far back as 2010, but more recently, in 2023 and 2024, he filed over thirty (30) cases. In this case, Plaintiff sues Bank of America Financial Holdings, alleging racial discrimination, civil rights violations, and

retaliation. (ECF No. 1 at 3). In support of this claim, Plaintiff alleges that he applied for a VA bank loan and was denied three times, and he was denied a secured credit card. (*Id.* at 5). Plaintiff provides no further details or explanation as to how these actions amounts to racial discrimination, civil rights violations, or retaliation. As relief, Plaintiff seeks "what ever is deemed by the Jury." (*Id.*).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

2

*Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### Discussion

Plaintiff brings this case under the Court's federal question jurisdiction, stating that he was racially discriminated against. Section 1981 of Title 42 of the United States Code provides, in relevant part, that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts." 42 U.S.C. §1981(a). To "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b). To assert a prima facie § 1981 claim, Plaintiff must allege, among other things: (1) he was a member of a protected class; and (2) defendants acted with discriminatory intent. *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 962 (8th Cir. 2023).

In this case, nothing in the Complaint establishes discriminatory intent by the Defendant. Plaintiff provides no facts that could support his allegation. He states that he was denied a VA home loan and that he was denied a secured credit card. These facts in no way establish a discriminatory intent.

Although self-represented complaints must be liberally construed, such pleadings cannot be conclusory, and must set forth facts that, taken as true, state a claim as a matter of law. *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983). The Court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions

cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). Such is the case here. Plaintiff has pled no facts from which the Court could find a claim for relief that is plausible on its face.

Having thoroughly reviewed and liberally construed the Complaint, the Court finds that it fails to state a plausible section 1981 claim. Plaintiff does not identify, and the Court cannot discern, any other potential theory of recovery. The Court will therefore dismiss this case for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and deny as moot Plaintiff's motion to appoint counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 3] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [ECF No. 2] is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 29th day of August, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE